**John L. SCHELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2009–CA–001502–MR.**

Court of Appeals of Kentucky.

Sept. 17, 2010.

Rachelle N. Howell, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, M. Brandon Roberts, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and THOMPSON, Judges; HARRIS,[1] Senior Judge.

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken-

*OPINION*

HARRIS, Senior Judge.

John Schell appeals from a Laurel Circuit Court order, entered on July 16, 2009, denying his motion for post-conviction relief under the Kentucky Rules of Criminal Procedure (RCr) 11.42. The sole issue for our review is whether a defense attorney revealing that his client is a convicted felon during voir dire constitutes ineffective assistance of counsel. Apparently, this is an issue of first impression in Kentucky. Based upon the totality of the circumstances of this case, we conclude that defense counsel's conduct does not meet the high standards required for relief under RCr 11.42. Therefore, we affirm the Laurel Circuit Court order.

On February 17, 2006, a Laurel County grand jury indicted Schell for first-degree trafficking in a controlled substance and being a first-degree persistent felony offender. The charges stemmed from a narcotics transaction that occurred on January 18, 2006. On that date, Schell sold six oxycodone pills to an informant working with the Laurel County Sheriff's Department. The drug transaction was recorded by both audio and video evidence.

During voir dire, defense counsel informed the venire that Schell was a convicted felon. The record reflects that counsel specifically stated:

My last question to you today is that Mr. Schell has been convicted of a felony previously. Does anyone have a problem with that? Now this is not today's case. You have to prove where he did this crime. Does anybody have a problem? I'm telling you that up front here and letting you know the facts up front, that he had a felony previously. Is there anyone here sitting unlikely to be fair to him because he is a convicted felon? Either in the guilt/innocence phase or maybe later on if you found him guilty in the sentencing phase. Do you think that would be a problem to anybody?

During the Commonwealth's case in chief, the audio and video record of the transaction was presented. Further, two witnesses testified that they had witnessed the transaction. Schell argued a defense of entrapment. Through his counsel's arguments and cross-examinations, Schell maintained that he had had an affair with one of the Commonwealth's witnesses, who had threatened to expose the affair unless he did not sell drugs to her. Schell did not testify.

Schell was convicted on both counts. He was sentenced to ten years for first-degree trafficking in a controlled substance, which was enhanced to twenty years by the first-degree persistent felony offender conviction. Schell appealed his conviction to the Kentucky Supreme Court. In an unpublished opinion rendered on January 24, 2008, the Court affirmed the conviction.[2]

On January 26, 2008, Schell moved the trial court for post-conviction relief under RCr 11.42. In his motion, Schell claimed that he received ineffective assistance of counsel based upon defense counsel's disclosure of his prior felony conviction during voir dire. The court ordered an evidentiary hearing on the motion.

During the hearing, defense counsel testified that the evidence against Schell was overwhelming. Defense counsel believed that entrapment could only be a viable defense if Schell took the stand. He claimed that during voir dire, he was still unsure if Schell would testify. Because he believed that a guilty verdict was inevitable, counsel claimed that he strategically revealed Schell's prior felony conviction in

tucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

**2.** 2006–SC–0662–MR.

order to exclude any jurors who would treat Schell harshly during the truth-in-sentencing portion of the trial. He testified that he had tried many cases where the jury was informed of the defendant's felony convictions during the guilt phase, yet still found the defendant not guilty.

Schell also testified during the evidentiary hearing. He claimed that defense counsel knew that he never intended to testify during the trial.

On July 16, 2009, the trial court entered an order denying Schell's RCr 11.42 motion for post-conviction relief. In the order, the trial court provided:

> [Defense counsel]'s belief that the elimination of any juror who had a tendency to weigh a prior felony heavily against [Schell] prompted him to insure the best jury panel not only for the trial phase, but also any possible sentencing phase of [Schell]'s case. The Court finds such a belief and the implementation of the strategy by [Defense Counsel] was the best trial strategy [Schell] could have asked for.

This appeal follows.

In order to receive post-conviction relief based upon ineffective assistance of counsel, Schell must meet two requirements. First, Schell must show that defense counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Deficient representation is outside of the wide range of professionally competent assistance. *Id.*, 466 U.S. at 691, 104 S.Ct. at 2066. We must, therefore, examine counsel's conduct in light of professional norms based on a standard of reasonableness. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky.2001). Second, Schell must show that counsel's deficient representation prejudiced his defense.

Defense counsel's voir dire questioning was risky. The strategy, however, was neither unreasonable nor incompetent. His decision to reveal Schell's prior felony was planned and analyzed in light of the overwhelming evidence of guilt which he knew was forthcoming. Because counsel was confident that Schell would be convicted, he used the otherwise inadmissible information in an effort at damage control.

We recognize that in *Osborne v. Commonwealth*, 867 S.W.2d 484 (Ky.App.1993), our Court held that the introduction of prior and subsequent DUI convictions during the trial of a vehicular manslaughter indictment violated the defendant's right to a fair trial. *Id.* at 492. In *Osborne*, we concluded that counsel's failure to object to evidence of the DUI convictions constituted error requiring reversal. *Id.* But in the present case trial counsel's disclosure of Schell's felony conviction was specifically intended as a means to ferret out those jurors who might be particularly harsh at the sentencing phase, which he believed was imminent.

Although criminal defendants are entitled to effective representation, there is no right to perfect representation. Our Court will not undertake the task of critiquing defense strategies. Despite the bold nature of counsel's statements, we decline to find that the statements amounted to deficient representation. We do not reach the prejudice issue.

Accordingly, we affirm the July 16, 2009, order of the Laurel Circuit Court.

ALL CONCUR.